IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUL GUZMAN, on behalf of himself and others similarly situated, | : CIVIL ACTION |
| Plaintiff, | : FILED ELECTRONICALLY |
| v. | : ON OCTOBER 12, 2020 |
| ABBEY ROAD CONTROL, INC., | : JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Saul Guzman ("Plaintiff") brings this lawsuit against Abbey Road Control, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Hazleton, PA (Luzerne County).

5. Defendant is headquartered in Drums, PA (Luzerne County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant owns and operates a business known as "Traffic Control" that provides, *inter alia*, "flagging" services at road construction sites. *See generally* http://www.abbeyroadcontrol.com/ (last reviewed 10/12/20).

9. Defendant employs workers who are paid on an hourly basis to work as flaggers at the construction sites.

10. Plaintiff was employed by Defendant as a flagger during the three-year period relevant to this lawsuit.

11. At the beginning of the workday, Plaintiff and other flaggers must report to Defendant's Drums, PA shop, where they pick-up their assigned walkie-talkie (which they are not permitted to bring home), receive their job assignment, gather and load onto company vehicles cones and other equipment, and board company vehicles for travel to the construction site.

12. At the end of the workday, Plaintiff and other flaggers load the company vehicles with cones and other equipment, board the company vehicles,

travel back to the Drums, PA shop, gas-up and clean the company vehicle, and return their walkie-talkies.

13. Defendant pays Plaintiff and other flaggers an hourly wage. Plaintiff's hourly wage, for example, was $11.00.

14. Defendant deems Plaintiff and other flaggers eligible for "time and-one-half" overtime premium pay for hours worked over 40 per week. Plaintiff's applicable overtime pay rate was $16.50 ($11.00 X 1.5).

15. In determining the overtime premium pay owed to Plaintiff and other flaggers, Defendant does not count time attributed to travel between the Drums, PA shop and the construction site. For example, during a week in mid-September 2019, Plaintiff was credited with working 61.5 hours. However, because 18.5 of these hours were attributable to "Travel," he was paid at his $16.50/hour overtime rate for only 3 hours. The remaining 58.5 hours were paid at the $11.00/hour straight-time rate.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of all individuals employed by Defendant as flaggers within the past three years.

17. Plaintiff's FLSA claim should proceed as a collective action because

3

he and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19. The class, upon information and belief, includes over 30 individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

22. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over

questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I – FLSA

24. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

25. In paying Plaintiff and other collective members straight-time compensation for some of their hours worked over 40 per week, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II – PMWA

26. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

27. In paying Plaintiff and other collective members straight-time compensation for some of their hours worked over 40 per week, Defendant violated the PMWA.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective,

seeks the following relief:

      A.    Unpaid overtime wages and prejudgment interest;

      B.    Liquidated damages to the fullest extent permitted under the FLSA;

      C.    Litigation costs, expenses, and attorneys' fees; and

      D.    Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: October 12, 2020

Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

DocuSigned by:

*Saul*
7717BE6BA09946F...

Signature – Saul Guzman