IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUL GUZMAN, on behalf of himself and others similarly situated,<br>  Plaintiff,<br>v.<br>ABBEY ROAD CONTROL, INC.,<br>  Defendant | :<br>:<br>:  3:20-cv-01877-JPW<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW**, this  6th  day of _____March_____, 2023, upon consideration of Plaintiff's "Unopposed Motion for Approval of FLSA Settlement" ("Motion") (ECF No. 73), the accompanying "Settlement Agreement and Release of Claims" ("Agreement") (ECF No. 73-1), the accompanying Declaration of Deirdre Aaron (ECF No. 73-2), the accompanying Memorandum of Law (ECF No. 74), and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement of this Fair Labor Standards Act ("FLSA") action is **APPROVED**.

The Court approves the settlement because it constitutes "'a fair and reasonable resolution of a bona fide dispute over FLSA provision,'" and does not "'impermissibly frustrate[]' the implementation of the FLSA." *Kane v. Ollie's Bargain Outlet Holdings, Inc.*, 2022 U.S. Dist. LEXIS 31113, at *3-4 (M.D. Pa. Feb. 22, 2022) (Wilson, J.) (citations omitted); *accord Gee v. Port Pizza, LLC*, 2021 WL 919915, 2021 U.S. Dist. LEXIS 44643, at *3 (M.D. Pa. Mar. 10, 2021);

*Mishra v. Intra-National Home Care LLC*, 2019 WL 5595671, 2019 U.S. Dist. LEXIS 187740, ,*4 (M.D. Pa. Oct. 30, 2019).

In addition, courts reviewing FLSA settlements must ensure that the attorney's fees and expenses sought to be recovered by Plaintiff's counsel are reasonable. Here, the settlement provides Plaintiff's counsel from Winebrake & Santillo, LLC with a total payment of $30,000. After reducing this amount by the $1,869.04 in costs incurred by Plaintiff's counsel, we are left with a $28,130.96 fee, which constitutes 35.16% of the $80,000 settlement fund. This is a reasonable requested fee, and within the range approved in other wage and hour cases. *See, e.g., Goncalves v. AJC Construction Inc.*, 2022 WL 2985636, 2022 U.S. Dist. LEXIS 133995, at *9-10 (E.D. Pa. July 28, 2022) (fee of "slightly less than 36 percent of the total recovery . . . is a reasonable amount in FLSA cases"); *Gravely v. PetroChoice, LLC*, 2022 WL 2316174, 2022 U.S. Dist. LEXIS 113746, at *5 (E.D. Pa. June 28, 2022) (35% fee "in line with fee awards by courts in the Third Circuit"). Moreover, the fee's reasonableness is confirmed by submissions indicating that the requested fee falls well below Plaintiff's counsel's reported lodestar using hourly rates described in the Philadelphia Community Legal Services fee schedule. *See* ECF Nos. 73-2, 74.

Finally, the Court finds that the requested $2,500 service award to Originating Plaintiff Saul Guzman is reasonable in view of his contribution to the instant litigation and settlement.

Accordingly, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction over any disputes pertaining to the enforcement of the settlement.

**IT IS FURTHER ORDERED THAT** the pending motions at Docs. 51, 60, and 61 are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

BY THE COURT:

_s/Jennifer P. Wilson_
JENNIFER P. WILSON, J.